UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL
f/k/a JOHN L. BURTON,

    Petitioner,

v.                                    Case No. 3:14cv331/MCR/CJK

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES,

    Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a pleading titled, "Class Action Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2254 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. After careful consideration of all issues raised by petitioner, the undersigned concludes that petitioner's requests for class certification and the appointment of counsel should be denied.

Petitioner Bilal is a civil detainee in the custody of the Florida Department of Children and Families ("DCF"), having been adjudicated a sexually violent predator

under the Florida Sexually Violent Predator statute, Fla. Stat. §§ 394.910 - 394.932.[1] Petitioner's "Class Action Petition for Writ of Habeas Corpus," which is purportedly filed on behalf of petitioner "and others similarly situated," claims DCF is violating his and other civilly committed veterans' rights under state and federal law (Fla. Stat. § 394.4672, the Due Process Clause, and 38 U.S.C. § 5501) by refusing to transfer petitioner Bilal to a United States Department of Veterans Affairs facility for treatment. (Doc. 1 and Ex. A). Petitioner asserts that "this court must grant the habeas corpus per the terms of Judge Terrell's order," (doc. 1, Ex. A, p. 6), identifying the subject order as a November 15, 2002 order issued by Escambia County Circuit Court Judge Terry Terrell in petitioner's underlying civil commitment case. A copy of the order is attached to the petition. (Doc. 1, Ex. B). The order provides:

ORDER

This cause having been heard by the Court at a Status Conference on November 14, 2002, it is

ORDERED AND ADJUDGED that:

1. The necessity exists for Respondent [Mr. Bilal] to continue to receive treatment at the Florida Civil Commitment Center and that a supplemental evaluation will be completed and forwarded to the Court. The Court reserves jurisdiction to entertain future requests to transfer Respondent to a VA facility if such transfer can be arranged and determined to be appropriate by the Court.

---

[1] The Florida Sexually Violent Predator statute, also known as the "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001). Those found to be sexually violent predators are "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917.

2. It is FURTHER ORDERED that Dr. Ted Shaw shall conduct a supplemental evaluation to determine if Respondent is eligible for such transfer.

(Doc. 1, Ex. B). Petitioner alleges that he has made several appointments with VA facilities, but that respondent has refused to honor his appointments. (Doc. 1, Ex. A, p. 4). Petitioner further alleges that "several years ago," a VA facility agreed to accept him for treatment in that facility, but that DCF "refused to coordinate such VA arrangement under the guise that they wanted me solely in a in-patient setting despite the fact that no where in Judge Terrell's order or § 394.4672 Fla. Stat. or 38 U.S.C. § 5501 does it state that petitioner's placement must be in-patient setting only." (Doc. 1, Ex. A, p. 4). As relief, petitioner requests the following: "(a) certify class to include all past and current veterans civilly detained at FCCC with Honorable Discharges or discharges other than dishonorable conditions be allowed under the Supremacy Clause to be placed in VA Facility per [Fla. Stat. §] 394.56.72 and 38 U.S.C. § 5501; (b) appoint class counsel per Rule 6 of Federal Habeas Rules" (doc. 1, p. 14); and (c) "a court order, and/or injunctive relief from this court mandating veteran handling by the U.S. Department of Veteran Affairs" (doc. 1, Ex. A, p. 4).

Rule 23 of the Federal Rules of Civil Procedure requires that the following prerequisites be satisfied before an action may be certified as a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Petitioner is proceeding in this case without a lawyer. A *pro se* party "cannot be an adequate class representative." *Gray v. Levine*, 455 F. Supp.

267, 268 (D. Md. 1978) (*citing Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Oxendine*, 509 F.2d at 1407; *see also Hussein v. Sheraton New York Hotel*, 100 F. Supp. 2d 203, 205-06 (S.D. N.Y. 2000); *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000).

Even if petitioner were represented by counsel, the remaining requirements of Rule 23 are not satisfied.  Petitioner argues that this suit is properly maintained as a class action because "it pertains to the respondents [sic] failure to recognize veteran entitlements underlying § 394.4672 and 38 U.S.C. § 5501." (Doc. 1, Ex. A, p. 2). This conclusory assertion of a blanket failure by DCF to follow the law is not, however, what the allegations of petitioner's habeas petition suggest.  The factual allegations of the petition are that petitioner Bilal received a court order as required by § 394.4672 authorizing his transfer to a VA facility,[2] and that respondent has failed to coordinate Bilal's transfer.  Petitioner does not allege that all of the "more than 212 veteran[s] civilly detained at the Florida Civil Commitment Center" (doc. 1, Ex. A, p. 2) have sought treatment at a VA facility, been authorized by the VA and a court order to receive such treatment, and been denied transfer by DCF.  Thus, petitioner has failed to establish that the proposed class members are situated similarly to him, or that they have claims sharing common legal and factual issues to those presented in the present petition.

Additionally, there is no basis to find that if civilly detained veterans committed under the Jimmy Ryce Act prosecuted separate actions, such prosecutions would create a risk of inconsistent adjudications that would establish incompatible

---

[2]The court emphasizes that these are petitioner's allegations, not factual findings of this court.

standards of conduct for DCF, or that such individual prosecutions would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. *See* Fed. R. Civ. P. 23(b)(1). Further, according to petitioner's own allegations, DCF has not refused to act on grounds that apply generally to the class, but rather on grounds individual to petitioner. Thus, Fed. R. Civ. P. 23(b)(2) is not satisfied. As a final matter, it is evident from the face of petitioner's pleading that the questions of law and fact affecting only petitioner predominate over petitioner's more hypothetical questions common to the proposed class members. Thus, a class action is not superior to separate suits by individual members of the proposed class. *See* Fed. R. Civ. P. 23(b)(3). This action is not maintainable as a class action under Fed. R. Civ. P. 23.

Petitioner Bilal requests the appointment of "class counsel per Rule 6 of Federal Habeas Rules." (Doc. 1, p. 14). "Class counsel" is not warranted given the court's determination that this suit cannot be maintained as a class action. To the extent petitioner's request can be liberally construed as seeking the appointment of counsel to pursue this case as an individual action, his request should be denied. There is no constitutional right to counsel in postconviction proceedings, including habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 554, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990). There is statutory authority for appointing counsel in habeas actions brought under 28 U.S.C. § 2254. *See* 28 U. S. C. §2254(h) (authorizing the appointment of counsel for a petitioner who is financially unable to afford counsel and requiring that such

appointment be governed by 18 U.S.C. § 3006A). The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, provides in relevant part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Federal courts generally endorse the appointment of counsel in the following cases: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts in framing or trying the claims; (5) cases in which "the indigent is in no position to investigate crucial facts" and (6) factually complex cases. James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure,* § 12.3b (5th ed. 2005).

The procedural rules governing § 2254 cases require the appointment of counsel in two circumstances: (1) where the court has authorized discovery upon a showing of good cause, and appointment of counsel is necessary for effective discovery, and (2) where the court has determined that an evidentiary hearing is necessary. Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Taken together with the Habeas Rules, the decisions under § 3006A(a)(2)(B) embody a presumption favoring appointment of counsel for legally unsophisticated prisoners as long as the petition (1) is not frivolous, that is, as long as it survives summary dismissal pursuant to Habeas Rule 4 because it presents a "triable" issue or includes a "colorable claim" and (2) requires further significant or sophisticated factual or legal development. Liebman, *supra*.

The court has reviewed the file and finds that the interests of justice do not require the appointment of counsel at this time. This case does not appear factually or legally complex, and the nature of the pleadings filed thus far by petitioner suggest he has an ability to litigate his case as well as that of the average *pro se* litigant.

Accordingly, it is ORDERED:

Petitioner Bilal's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1. That petitioner's request that this case be certified and maintained as a class action be DENIED.

2. That petitioner's request for appointment of counsel be DENIED.

3. That this matter be remanded to the undersigned for further proceedings, including the filing of an amended petition which complies with the Local Rules of this court and which eliminates references to class representation, including allegations concerning civil detainees other than petitioner Jamaal Ali Bilal.

At Pensacola, Florida this 25th day of July, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).