UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL
f/k/a JOHN L. BURTON,

      Petitioner,

v.                               Case No.  3:14cv331/MCR/CJK

MIKE CARROLL,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with an attached "Addendum."  (Doc. 9).  Respondent moves to dismiss the petition for failure to state a claim upon which federal habeas relief can be granted.  (Doc. 34).  Petitioner opposes dismissal.  (Doc. 38).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a civil detainee in the custody of the Florida Department of Children and Families (DCF), confined at the Florida Civil Commitment Center (FCCC), having been adjudicated a sexually violent predator under Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Fla. Stat. §§ 394.910 - 394.932.[1]  Petitioner's civil commitment was pursuant to a Settlement Agreement, wherein petitioner acknowledged that the State could present clear and convincing evidence that he satisfied the commitment criteria of the SVP Act, and agreed to submit himself voluntarily to enter the treatment program at FCCC, in exchange for the State allowing petitioner to receive biannual judicial review of his SVP status.[2]  (Doc. 9, p. 1; *see also* Doc. 1, Ex. D (copy of Settlement Agreement)).

In this habeas proceeding, petitioner seeks to be transferred from FCCC to a United States Department of Veterans Affairs (VA) treatment facility.  (Doc. 9 and Addendum, *see also* Doc. 9, p. 2, ¶ 10 (referring to this proceeding as a "VA Transfer proceeding")).[3]  Petitioner sets forth little on the petition form itself, instead referring

---

[1] The SVP Act, also known as the "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001).  Those found to be sexually violent predators are "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917.

[2] Florida law requires annual review.  *See* Fla. Stat. § 394.918.

[3] Although in response to questions on the petition form concerning exhaustion of state judicial remedies petitioner argues he should be excused from the exhaustion requirement because he is challenging his 6-month review proceeding which is too brief to permit exhaustion, (*see* doc. 9, pp. 5, 12), it is clear from his original petition (doc. 1), his amended petition and addendum (doc. 9), and his reply (doc. 38) that petitioner's claim does not challenge the validity of his continued detention as an SVP, but rather state officials' failure to transfer him from FCCC to a VA facility

the court to the "Addendum" attached to his amended petition. (Doc. 9, Addendum). Petitioner asserts in his Addendum that on November 15, 2002, Judge Terrell, the state court judge presiding over his civil commitment case (Escambia County Circuit Court Case No. 1999-CA-1507), "issued a court order authorizing Mr. Bilal to be transferred to a Veteran Administration facility to address any mental abnormality that Bilal may have." (Doc. 9, Addendum, p. 2). Petitioner asserts that DCF and FCCC officials "shirked" their responsibility to transfer him. (Doc. 9, Addendum, p. 2). Petitioner argues that the Supremacy Clause mandates his transfer to a VA facility, and cites the following additional authority for his claim: "the Veteran Access to Healthcare Act of 2014; Rule 8(a) of the Rules Governing § 2254 Cases; 38 U.S.C. § 5501; 1712A; § 394.4672 Fla. Stat. (2013)." (Doc. 9, Addendum, p. 1). Petitioner attached a copy of Judge Terrell's November 15, 2002 order to his Addendum. (Doc. 9, Addendum, Attach.). The order provides:

<u>ORDER</u>

This cause having been heard by the Court at a Status Conference on November 14, 2002, it is

ORDERED AND ADJUDGED that:

1. The necessity exists for Respondent [Mr. Bilal] to continue to receive treatment at the Florida Civil Commitment Center and that a supplemental evaluation will be completed and forwarded to the Court. The Court reserves jurisdiction to entertain future requests to transfer Respondent to a VA facility if such transfer can be arranged and determined to be appropriate by the Court.

---

for treatment.

> 2.  It is FURTHER ORDERED that Dr. Ted Shaw shall conduct
> a supplemental evaluation to determine if Respondent is eligible for
> such transfer.

(Doc. 9, Addendum, Attach).   Petitioner complains that he has made several
appointments with VA facilities, but respondent has refused to honor his
appointments.  (Doc. 9, Addendum, p. 3).   Petitioner also complains that "several
years ago, the VA Medical Center, Lake City, FL had agreed to accept Petitioner
upon terms that he would spend twelve hours in-patient at their VA facility and
twelve hours on the streets but [DCF] officials would not coordinate such transfer."
(Doc. 9, Addendum, p. 3).   Petitioner asserts he presented his "VA transfer" claim to
the state courts by filing a mandamus petition in the Leon County Circuit Court
claiming that DCF's failure to transfer him to a VA facility for treatment violated his
rights under the Florida Constitution and the Supremacy Clause of the United States
Constitution.   (Doc. 9, p. 3 ¶ 11; *see also* Doc. 1, Ex. AA, Pet. for Writ of
Mandamus).   Petitioner identifies the mandamus proceeding as Case No. 2014-CA-
1719.   Petitioner's mandamus petition was denied on October 13, 2014.  (Doc. 34, Ex.
A, pp. 32-33).   Petitioner did not seek further review.   As relief in this federal habeas
proceeding, petitioner requests "transfer to a VA facility at all deliberate speed."
(Doc. 9, Addendum, p. 6).   Petitioner's reply emphasizes that the purpose of this
proceeding is to secure his transfer to a VA facility for treatment, as "authorized" by
Judge Terrell's November 15, 2002 order.  (Doc. 38).

RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss the petition with prejudice as a § 2254 action, but
without prejudice "for petitioner to bring a civil action seeking declaratory and
mandamus/injunctive-type relief."  (Doc. 34, p. 1).   Respondent explains:

The gist of this motion is that Bilal is attempting to use § 2254 not to challenge the legality of his civil commitment as a sexually violent predator (SVP), but to establish a federal right to be treated by the Veteran's Administration (VA).  Thus, he fails to state a claim under 28 U.S.C. § 2254.  Dismissal is proper under Fed. R. Civ. P. 12(b)(6).

(Doc. 34, p. 1).

Respondent argues that petitioner's claim that he is entitled to be treated in a VA facility has no bearing on the legality of his civil commitment and therefore is not cognizable in a § 2254 proceeding.  (Doc. 34, pp. 6-7).  Respondent continues that even if cognizable under § 2254, this action should be dismissed because petitioner failed to properly exhaust his "VA Transfer" claim in the state courts.  Respondent asserts that petitioner's mandamus petition filed in the Leon County Circuit Court does not constitute proper exhaustion, because the Leon County Circuit Court was without jurisdiction to relieve petitioner from an order issued by an equal court (the Escambia County Circuit Court's commitment order).  Even if the Leon County Circuit Court had jurisdiction, petitioner's failure to seek review of the denial of mandamus relief deprived the state courts of a full and fair opportunity to address his claim.  (Doc. 34, pp. 5-6).  Respondent argues that in any event, petitioner's claim lacks merit because the Supremacy Clause does not of itself create private rights (*e.g.*, the "right" to be transferred to a VA facility).  (Doc. 34, p. 7 (*citing Golden State Transit Corp. v. City of Los Angeles*, 493 U.S 103, 107 (1989))).

Petitioner's reply in opposition  argues that Fla. Stat. § 394.4672 authorizes a state court to place a civilly committed person with the United States Department of Veterans Affairs for care or treatment; that Judge Terrell's November 15, 2002 order did just that; that petitioner took the initiative to facilitate his transfer to a VA facility by scheduling appointments at various VA facilities; that FCCC officials failed to

honor petitioner's appointments; and that DCF's failure to transfer petitioner to a VA facility "constitute[s] a Supremacy Clause violation." (Doc. 38, pp. 1-6 (*citing Bennett v. Arkansas*, 485 U.S. 395, 108 S. Ct. 1204, 99 L. Ed. 2d 455 (1988)). Petitioner argues that his transfer claim is cognizable in federal habeas, citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), because he is challenging the fact or duration of his physical imprisonment and seeking immediate or speedier release. (Doc. 38, pp. 6-9). Petitioner argues that he should be excused from the exhaustion requirement "due to inordinate delay in state effectuating VA housing transfer" (doc. 38, p. 7), and because "pursuant to *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) civil detainees do not have to exhaust remedies." (Doc. 38, p. 8).

## DISCUSSION

Petitioner's habeas petition should be dismissed for two fundamental reasons. First, petitioner's claim is insufficient to invoke habeas corpus jurisdiction. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[;] requests for relief turning on circumstances of confinement may be presented in a [different] action." (citation omitted)). Petitioner is not contesting the legality of his civil commitment as a sexually violent predator – he  is challenging the location of his care and treatment. A favorable determination on petitioner's claim would have no effect on his release

from involuntary commitment; it would merely change the location of treatment for the condition underlying his commitment.  Although in *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003), the Eleventh Circuit held that it is proper for a district court to treat a state prisoner's petition for release from allegedly invalid administrative or disciplinary confinement as a petition for a writ of habeas corpus, the Eleventh Circuit has never extended *Medberry* to a state prisoner/detainee's request to change the location of his valid confinement to a different facility.  This court lacks jurisdiction under the habeas corpus statute to hear petitioner's complaint. *Preiser, supra*.

The cases on which petitioner relies to support his arguments concerning exhaustion and the cognizability of his claim in a habeas proceeding are distinguishable.  In the cases petitioner cites – *Lee v. Giles*, 271 F. Supp. 785 (M.D. Ala. 1967); *United States ex rel. Antczak v. Superintendent, Downey Veterans Admin. Hosp., North Chicago, Ill*., 354 F.2d 635 (7th Cir. 1965); and *Gidney v. Sterling*, 202 F. Supp. 344 (E.D. Ark. 1962) – each petitioner (a veteran) was involuntarily committed under state law pursuant to a determination by a state judicial officer that he was mentally ill or incompetent.  The petitioner was either committed directly to a VA facility (pursuant to state law), or committed originally to a state institution and then transferrred to a VA facility (again, pursuant to state law).  Each petitioner filed a habeas corpus petition challenging the legality of his underlying civil commitment on constitutional grounds (failure to provide notice of the commitment proceeding, failure to provide effective counsel, etc.) and sought discharge (outright release) from his commitment.  The cases were dismissed for the petitioners' failure to exhaust state remedies.  Unlike the petitioners in *Lee*, *Antczak* and *Gidney*, petitioner here does not

challenge the validity of his civil commitment.

Petitioner's citations to *Grider v. Cook*, 522 F. App'x 544 (11th Cir. 2013); *Bradley v. Pryor*, 305 F. 3d 1287, 1289 (11th Cir. 2002); and *Foster v. United States Bureau of Prisons*, — F. Supp. 3d —, 2014 WL 3512615 (D. D.C. 2014), are equally unavailing. *Grider* involved a pre-trial detainee who filed a civil rights suit under 42 U.S.C. § 1983, "seeking a writ of habeas corpus and his immediate release" from incarceration. *Grider* at 547. The Eleventh Circuit held that the district court properly dismissed the § 1983 complaint for failure to state a claim, because such relief was not cognizable under § 1983. *Id.* The *Grider* court cited *Bradley* for the proposition that, "[H]abeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Grider*, at 547 (*quoting Bradley*, 305 F.3d at 1289) (alteration in original). Similarly, *Foster* involved a federal prisoner who filed a § 1983 action seeking declaratory and injunctive relief in the form of immediate or speedier release from prison. Here, petitioner does not challenge the fact or duration of his civil commitment, and is not seeking immediate or speedier release from his civil commitment.[4]

An additional reason this habeas action must be dismissed is that petitioner's amended petition presents a purely state law issue. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute

---

[4]Petitioner's remaining citations to *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988); *Jaggers v. State*, 509 So. 2d 1165 (Fla. 1st DCA 1987); and *Cameron v. Tomes*, 783 F. Supp. 1511 (D. Mass. 1992) involve cases so fundamentally different from this case they do not warrant discussion.

unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations and citations omitted)). The factual basis of petitioner's claim that he is entitled to be transferred to a VA facility is that "[o]n the date of November 15, 2002, Honorable Terry D. Terrell pursuant to §394.4672 Fla. Stat. issued a court order authorizing Mr. Bilal to be transferred to a Veteran Administration ("VA") facility to address any mental abnormality that Bilal may have." (Doc. 9, Addendum, p. 2, Statement of Facts ¶ 1). Without regard to the truth of that allegation,[5] the question of whether petitioner should be transferred to a VA facility is purely a matter of state law.  Section 394.4672, Florida Statues, which is part of the Florida Mental Health Act, Fla. Stat. §§ 394-451-394.47891, provides:

> Whenever it is determined by the court that a person meets the criteria for involuntary placement and it appears that such person is eligible for care or treatment by the United States Department of Veterans Affairs or other agency of the United States Government, the court, upon receipt of a certificate from the United States Department of Veterans Affairs or such other agency showing that facilities are available and that the person is eligible for care or treatment therein, may place that person with the United States Department of Veterans Affairs or other federal agency. The person whose placement is sought shall be personally served with notice of the pending placement proceeding in the manner as provided in this part, and nothing in this section shall affect his or her right to appear and be heard in the

---

[5]In reality, Judge Terrell's November 15, 2002 order states that (1) the necessity exists for petitioner to continue to receive treatment at the Florida Civil Commitment Center; (2) a supplemental evaluation will be completed and forwarded to the court; and (3) the court reserves jurisdiction to entertain future requests to have petitioner transferred to a VA facility if such transfer can be arranged and is determined to be appropriate by the court.  (Doc. 9, Addendum, Attach.).

proceeding. Upon placement, the person shall be subject to the rules and regulations of the United States Department of Veterans Affairs or other federal agency.

Fla. Stat. § 394.4672(1).

Whether § 394.4672(1) applies to SVP proceedings is a matter of state law, as is the question of whether an eligible person should be placed with a federal agency. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("Th[e] limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of [constitutional protections].").

Petitioner attempts to transform his state law claim into one of federal dimension by referencing the Supremacy Clause; 38 U.S.C. § 5501; 38 U.S.C. § 1712A, and "the Veteran Access to Healthcare Act of 2014." The Supremacy Clause does not create federal rights. As the Supreme Court explained in *Golden State, supra*, the Supremacy Clause "is not a source of any federal rights; it secures federal rights by according them priority whenever they come in conflict with state law." *Id*. at 107 (footnote, internal quotation marks and citations omitted). There is

no federal constitutional or statutory right for a veteran, who has been involuntarily committed to a state facility pursuant to a state civil commitment proceeding, to be placed at a VA facility.  Title 38 U.S.C. § 5501 does not create such a right; it simply authorizes the Secretary of Veterans Affairs to initiate a federal commitment proceeding against an incompetent veteran.  Petitioner's passing references to 38 U.S.C. § 1712A, and "the Veteran Access to Healthcare Act of 2014" are also unavailing, as neither creates a federal right for a veteran involuntarily committed to a state institution under state law to be transferred to a VA facility.

As petitioner's claim cannot be maintained as a habeas corpus action, this proceeding should be dismissed.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 34) be GRANTED.

2. That this habeas corpus proceeding be DISMISSED.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 6th day of May, 2015.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).